Dissenting Opinion by
Montgomery, J.:
I would quash this appeal as interlocutory.
*131 By the writ of foreign attachment plaintiff-appellee attached in the hands of Robert K. Greaser and wife et al., money allegedly belonging to the appellant-defendant. Part of the property attached consisted of the proceeds dne from Mr. and Mrs. Greaser to the appellant and his wife under an agreement for the sale of real estate by the Van Emburgs to the Greasers. Other proceeds from this sale also attached were in the hands of J. Russell Brode, an escrow agent of the parties. In addition, other property unrelated to the aforésaid sale was attached in the hands of Harry Blank and Paul W. Barndt as that of appellant.
• Following service of the writ Mr. and Mrs. Greaser and Mr. and Mrs. Van Emburg, acting through their legal counsel, stipulated in writing that the attachment of Mr. and Mrs. Greaser and Mr. Brode be vacated and that the funds in their hands “be held in a savings account in Red Hill Savings and Loan Association entitled ‘Stanford S. Hunn and J. Willard Sehoelkopf subject to Order of Court’, to be distributed upon termination of this action in accordance with the Judgment of the Court”; and further, that the attachment of the other property in the hands of Blank and Barndt continue. This stipulation was approved by the court.
In my opinion the effect of this stipulation was to dissolve the attachment in which Mr. and Mrs. Greaser and Mr. Brode were garnishees but to preserve the writ and the attachment in which Blank and Barndt were garnishees. Thus, when subsequently Mr. Greaser petitioned for the release of the proceeds of the sale he was seeking a release of the property being held in escrow under the stipulation and not under the attachment.
However, said petition also seeks release of the.real property and some income therefrom in the hands of Blank and Barndt which remained subject to the attachment. The aforesaid stipulation did not affect this *132 attachment other than to authorize the garnishees to apply the money coming into their hands for the preservation of the property, i.e., payment of mortgage and other expenses in connection therewith. Although it is petitioner’s contention that said property is not a proper subject of attachment for his debt, reciting that Harry Blank and his wife are owners of an undivided one-half interest in the same real estate in the Bechtelsville Borough, Berks County, Pennsylvania, in which appellant and his wife are the owners by the entirety estate of the other undivided half interest, Paul W. Barndt being the agent of the several parties in the collection of rents, etc., the petitioner does not ask that the attachment be dissolved or the writ quashed.
It would appear that appellant has utilized a petition to secure the release of attached property rather than follow the procedure provided by R. C. P. 1271.[1] I find no authority for such a petition and would not consider it as either a motion to dissolve the attachment or to quash the writ.
Therefore, in my opinion, the order of the lower court in dismissing appellant’s petition was not such an order refusing to dissolve an attachment or to quash the writ of foreign attachment as was made appealable under the Act of April 26, 1917, P. L. 102, §1, 12 P.S. §1108.
I respectfully dissent.

 “The defense of immunity or exemption of property from attachment and the defense that no property of the defendant was in the possession of the garnishee at the time of service of the attachment, may be raised by the defendant without thereby subjecting himself to the jurisdiction of the court
(1) by preliminary objection under Buie 1017(b)(1), or
(2) by a petition to open judgment, filed at any time before the garnishee files his answer to interrogatories.”